UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN SMITH,

        Petitioner,

v.                                                Case No. 22-C-486

MILWAUKEE SECURE DETENTION FACILITY,

        Respondent.

## SCREENING ORDER

On April 21, 2022, Petitioner Alan Smith, who is currently incarcerated at Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith pled guilty in Milwaukee County Circuit Court to one count of attempted armed robbery with the use of force under Wis. Stat. § 939.32 and to one count of theft of movable property under Wis. Stat. § 943.20(1)(a). He was sentenced to three years imprisonment and three years of extended supervision; the circuit court stayed that sentence and placed Smith on probation for four years.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

It appears Smith's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. Under AEDPA, the one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a petitioner files his petition outside of the one-year limitations period, his application is time-barred. In this case, Smith did not appeal his conviction. As a result, the statute of limitation period began to run the day the time to seek direct review expired, or February 20, 2021—20 days after Smith's January 31, 2021 conviction. *See* Wis. Stat. § 809.30(2)(b) ("Within 20 days after the date of sentencing or final adjudication the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief . . . ."). The one-year statute of limitations expired on February 20, 2022, and, consequently, Smith's April 15, 2022 petition is untimely.

Although a court must grant a petitioner fair notice before dismissing a habeas petition for untimeliness, *see Day v. McDonough*, 547 U.S. 198 (2006), the petition must nevertheless be dismissed because Smith has failed to exhaust available state court remedies. Smith's sole ground for relief asserts that he was denied his right to a fair trial under the Sixth Amendment to the United States Constitution. He asserts in his petition that he did not appeal his conviction or exhaust his

state court remedies. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Because Smith has not exhausted his state court remedies for the ground for relief he asserts in his petition, his petition must be dismissed.

**IT IS THEREFORE ORDERED** that Smith's petition for writ of habeas corpus is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly. A certificate of appealability will be **DENIED**. The court concludes that reasonable jurists would not find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 31st day of October, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge